UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY WILSON,
#435401,

    Plaintiff,                                                          Civil Action No. 19-CV-11137

vs.                                                                                        HON. BERNARD A. FRIEDMAN

DANIEL BABYAK,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 25]. Plaintiff has not responded to this motion, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a prisoner civil rights case, brought under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), alleges that defendant, an MDOC corrections officer, retaliated against him after plaintiff complained to a resident manager about defendant asking plaintiff, who is white, why he was hanging around black inmates, and warning him about "pick[ing] up their ways." Apparently the resident manager spoke to defendant about this conversation. Afterwards, according to plaintiff, defendant subjected plaintiff to several random drug tests and charged plaintiff with possession of contraband (prescription pills and floor cleaner), which plaintiff says defendant planted in plaintiff's cell. On a later occasion, defendant allegedly became irate when he discovered plaintiff walking the prison yard and threatened to issue

more misconduct tickets against him. Plaintiff says he filed a grievance over this threat, and afterwards defendant subjected plaintiff to another drug test and charged him with misconduct based on a gambling slip plaintiff says defendant planted in his cell.

Plaintiff alleges that he was found guilty of possessing these contraband items and that, as a result, he lost privileges, lost his prison porter job, and was transferred to a prison that is further away from his home, making it more difficult for him to receive visitors. For relief, plaintiff seeks compensatory and punitive damages in the amount of $37,500.

Defendant seeks summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies before filing suit. As defendant correctly notes, exhaustion of such remedies is required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1997e(a). As the Sixth Circuit has explained,

> [t]o satisfy the PLRA's exhaustion requirement, *see* 42 U.S.C. § 1997e(a), a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," *see Woodford v. Ngo*, 548 U.S. 81, 88 (2006). A Michigan prisoner exhausts his administrative remedies by timely proceeding through a three-step process. MDOC Policy Directive 03.02.130. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" (subject to exceptions not at issue here) and, if unsuccessful, must file a grievance within five business days. *Id*., ¶ P. At Step II, a prisoner may appeal the denial of the grievance to the warden or other appropriate official. *Id.*, ¶¶ BB, DD. At Step III, a prisoner may appeal the warden's decision to the Michigan Department of Corrections (MDOC)'s Grievance and Appeals Section. *Id*., ¶ FF. If there is no timely response at Step I or II, the prisoner "may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired." *Id*., ¶ T. An inmate must follow the grievance procedure to its conclusion—a resolution of a Step III appeal—prior to filing a civil suit. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

*Belser v. Woods*, No. 17-2411, 2018 WL 6167330, at *2 (6th Cir. July 6, 2018).

To the extent the prisoner/plaintiff's claim is based on allegedly retaliatory misconduct tickets, a different exhaustion rule applies:

> As the Court has previously observed in earlier opinions in this matter, decisions made in the prison hearings division are non-grievable. *See Bergey v. Tribley*, 2015 WL 7731426, *3 n.1 (W.D. Mich. 2015), report and recommendation adopted, 2015 WL 7738093 (citing Policy Directive 03.02.130, ¶ F(1)). Instead, a plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *Id*. (citing Mich. Comp. Laws § 791.255(1)). The rehearing request must be made within thirty days after the final decision or order is issued. *Id*. (citing Mich. Comp. Laws § 791.254(3)). *Siggers v. Campbell* established that a prisoner must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-694 (6th Cir. 2011). Otherwise, the prisoner is precluded from using such a claim as a basis to request a rehearing. *Id*. at 693-94.

*Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), report and recommendation adopted, No. 15-13826, 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019).

In the present case, defendant has shown that plaintiff did not exhaust his grievance remedies in this matter and that he did not seek rehearing of any of the misconduct findings against him. *See* Def.'s Mot. for Summ. J., Ex. 2 (Nelson certification). Because plaintiff has failed to respond to defendant's summary judgment motion, the Court deems these facts to be "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Under these circumstances, plaintiff's claim fails for lack of exhaustion.

After the deadline for responding to defendant's summary judgment motion had passed, plaintiff filed a belated motion for appointment of counsel. While the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), it does so only

3

in "exceptional circumstances." *Price v. Stephenson*, No. 16-13434, 2017 WL 4867653, at *1 (E.D. Mich. Oct. 27, 2017) (quoting *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004)). Plaintiff has not shown, and the Court does not believe, that this case involves such circumstances. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: January 2, 2020
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 2, 2020.

Jeremy Wilson, #435401
Baraga Maximum Correctional Facility
13924 Wadaga Rd
Baraga, MI 49908-9204

s/Johnetta M. Curry-Williams
Case Manager